UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN BELSER,

        Petitioner,

                        CASE NO. 2:08-CV-11836
v.                            HONORABLE DENISE PAGE HOOD

JEFF WHITE,

        Respondent.
                                       /

### **ORDER DENYING PETITIONER'S LETTER REQUEST TO ADD NEW EVIDENCE**

Before the Court is Petitioner's letter request seeking to add new evidence. He attaches a letter written to the state trial court alleging that his sexual assault victim, his daughter Genesis Underwood, is the state trial judge's third cousin, and the judge should have recused herself from his state criminal proceedings. Petitioner also alleges, in conclusory fashion, that Michigan's 180-day rule was violated and that a case involving Genesis Underwood was dismissed in state court.

Petitioner filed his federal habeas petition, raising claims concerning the trial court's limitation on closing argument and trial counsel's effectiveness, on April 30, 2008. Respondent filed an answer to the petition on October 7, 2008. Petitioner filed a reply to that answer in November, 2008. Petitioner signed his letter to the state court on June 16, 2009 and dated his letter request to this Court on July 27, 2009. Petitioner essentially seeks to amend his habeas petition to add claims concerning the state trial judge's impartiality, the timeliness of his criminal trial, and the dismissal of another state case.

1

A federal court has discretion to allow amendment of a habeas petition and other pleadings. *See* Rule 11, Rules Governing 28 U.S.C. § 2254 Cases; Fed. R. Civ. P. 15(a); *see also Rose v. Lundy*, 455 U.S. 509, 520-21 (1982). Having considered the matter, the Court finds that such an amendment is inappropriate because Petitioner's new claims have not been properly exhausted in the state courts.

A state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The record indicates that Petitioner's current claims have been fully exhausted in the state courts, but his new claims have not. The Court will not allow Petitioner to amend his petition to add unexhausted claims. Moreover, Petitioner has not shown good cause for his delay in presenting his new claims to this Court, or for failing to exhaust those claims in the state courts before seeking federal habeas review. Petitioner knew or could have discovered the facts underlying his new issues at the time of his criminal trial and appeals. Given such circumstances, an amendment is unwarranted.

Accordingly, the Court **DENIES** Petitioner's letter request. This denial is without prejudice to any relief he may seek in the state courts. The Court makes no determination as to the underlying merits or timeliness of Petitioner's additional claims.

**IT IS SO ORDERED**.

    S/Denise Page Hood
    Denise Page Hood
    United States District Judge

Dated: July 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2010, by electronic and/or ordinary mail.

    S/William F. Lewis
    Case Manager